Johnston, Judge.
The promise in this case, stated to be made by Bell, is founded on no consideration; therefore, I am of opinion, that judgment should be entered for defendant.
*18 Taylor, Judge.
This action is founded upon an express promise made by the defendant, an attorney, that if the plaintiff should be nonsuited, or cast in the suit, he would reimburse him all the costs.
Were this an action against the defendant for mismanagement of the cause or neglect of duty, it would have been unnecessary to have stated any other consideration, than his undertaking the management of the suit. Every attorney receives the trust accompanied with responsibility to his client, for any loss occasioned by his improper conduct; in such a case it might be necessary to examine how far he is liable where the loss arises, rather from an error in judgment than from neglect or positive misconduct and likewise to ascertain under which of these two descriptions the defendant’s conduct ought to be classed. But in this case all such enquiries are useless, because if the defendant, is liable at all, he is so by virtue of his express promise, which would charge him without regard to the means by which the suit was loss.
As a consideration is indispensibly necessary to support every assumpsit, it must be ascertained whether any exists in the present case—it is not pretended that the plaintiff paid any thing at the time of the promise; or that he forewent any advantage or benefit that he might otherwise have had; the only consideration that can be possibly set up is, that he employed the defendant as an attorney, and in that character reposed confidence in him; but can that consideration be connected with this promise? I apprehend not, because it was perfectly past and executed.
All the indemnity legally resulting from such misplaced confidence, the plaintiff may enforce in another form *19 of action; but to prevail in this, it ought, to be shewn, that the undertaking of the defendant was in consideration of the plaintiff’s employing him. It is true, that in some cases an assumpsit will lie although the consideration is past, if there was a duty before; but in all of them the duty is co-extensive with the promise. In this case the duty extended no further than a careful, diligent, and possibly skillful management of the suit; it did not go the length of making compensation to the plaintiff if he failed in his suit at all events, or under any possible circumstances.
This promise was altogether without prejudice to the plaintiff, or benefit to the defendant—the former would have been precisely in the same situation if the promise had never been made—the latter received no new confidence or reward for making it.—It is within the idea of nudum pactum most completely. I am therefore of opinion, that judgment be entered for defendant.
Macay, Judge.
This undertaking or promise being wholly without consideration, is void.-
Judgment for defendant.